**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-01225 VAP (OPx)                    Date:  August 19, 2011

Title:       FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- ALICIA DEL
             STANISLAUS, AND DOES 1 THROUGH X, INCLUSIVE
=============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                          None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

        None                                   None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF
                    SAN BERNARDINO (IN CHAMBERS)

       On June 9, 2011, Plaintiff Federal National Mortgage Association ("Plaintiff")
filed a complaint for unlawful detainer ("Complaint") against Defendant Alicia del
Stanislaus ("Defendant") in the Superior Court of California, County of San
Bernardino.  (Not. of Removal at 26.)  On August 2, 2011 Defendant removed the
action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331,
1332.  (<u>See</u> Not. of Removal at 2-3.)

       Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth
Circuit applies a strong presumption against removal jurisdiction, ensuring "the

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

EDCV 11-01225 VAP (OPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. ALICIA DEL STANISLAUS, AND DOES 1 THROUGH X, INCLUSIVE
MINUTE ORDER of August 19, 2011

defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law.  (See Not. of Removal at 2.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 3.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

Defendant has not met her burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of  San Bernardino.

**IT IS SO ORDERED.**